■ Alicia Kearney, Appellant, v Capelli Enterprises et al., Respondents, et al., Defendant. [57 NYS3d 31]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered April 28, 2016, which granted the motion of defendants Capelli Enterprises, Inc. (Capelli) and George A. Fuller Company, Inc. (Fuller) for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to the extent of denying the motion as to Fuller, and otherwise affirmed, without costs.

Dismissal of the complaint as against Capelli was proper. The evidence shows that Capelli did not own the premises, was not involved in the construction project, and did not cause or create the dangerous condition that resulted in plaintiff's injuries. Plaintiff also signed a release expressly releasing Capelli from tort claims and civil wrongs.

However, Fuller failed to show that it did not owe plaintiff a duty of care; that it had no role in creating the dangerous condition that caused the accident or control over the subcontractor; that the defect was trivial; that plaintiff had released the claim against it; and that the Workers' Compensation defense was applicable.

Here, the accident report indicated that the concrete mound on which plaintiff fell was four inches high, 30 inches long, and 18 inches wide, and the lighting in the area was dim. Clearly, a defect of this size in a darkened area was not trivial. Fuller failed to show that it had no control over the construction of the concrete floor in that the unsigned contract and memorandum of understanding with a concrete subcontractor were not probative.

The release signed by plaintiff was not absolutely clear with respect to waiving claims against Fuller (*see Gross v Sweet*, 49 NY2d 102, 107 [1979]). Fuller also failed to demonstrate that plaintiff's employer was its alter ego warranting piercing the corporate veil to permit the assertion of a Workers' Compensation defense. Concur—Acosta, P.J., Renwick, Richter, Feinman and Webber, JJ.